FILED
U.S. IN CLERK'S OFFICE
★ MAY 21 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

MIZANUR RAHMAN,

                 Petitioner,           ORDER
-against-                               11-CV-3709 (NG)

UNITED STATES,

                 Respondent.
———————————————————————X

GERSHON, United States District Judge:

On May 12, 2009, pro se petitioner Mizanur Rahman pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Petitioner was sentenced to five years of probation, as well as restitution in the amount of $176,983.00. Petitioner did not appeal his conviction. Petitioner now moves, pursuant to 28 U.S.C. § 2255, for vacation of his conviction and sentence, arguing that under the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), his counsel's performance in advising him regarding the plea was constitutionally deficient.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that a defendant's conviction must be reversed if: (1) his "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In *Padilla*, the Supreme Court held that an attorney's failure to advise his client of the potential immigration consequences of a guilty plea renders an attorney's performance

1

constitutionally deficient under the first prong of *Strickland*. The Court, however, left it to the district court on remand to make findings with regard to whether the defendant suffered prejudice as a result of his attorney's conduct. *Padilla*, 130 S. Ct. at 1481–84.

Petitioner argues that *Padilla* should be applied retroactively,[1] and that, despite not filing his petition until a year and four months after the date *Padilla* was decided,[2] the petition is timely because equitable tolling applies. Finally, petitioner argues that his counsel's performance was constitutionally defective under the rule announced in *Padilla* and that petitioner suffered prejudice because he would have proceeded to trial had he known about the potential immigration consequences.

Whether or not *Padilla* is retroactive, and whether or not the petition is timely, petitioner cannot meet the *Strickland* standard of prejudice because the record evidence establishes unequivocally that, before the court accepted defendant's plea of guilty, he had been advised of the immigration consequences of his plea.

First, petitioner's plea agreement expressly states, "The information carries the following statutory penalties: . . . g. Other penalty: deportation/removal." Petitioner advised the court, under

---

[1] Although the Second Circuit has not yet determined whether *Padilla* has retroactive application, several courts, including many district courts within this Circuit, have held that it does not. *See, e.g.*, *Chaidez v. United States*, 655 F.3d 684 (7th Cir. 2011); *United States v. Chang Hong*, 2011 U.S. App. LEXIS 18034 (10th Cir. Aug. 30, 2011); *Medina v. United States*, 2012 U.S. Dist. LEXIS 34467 (S.D.N.Y. Feb. 21, 2012); *Hamad v. United States*, 2011 U.S. Dist. LEXIS 45851 (E.D.N.Y. Apr. 28, 2011). Only the Third Circuit has found *Padilla* to have retroactive application. *See United States v. Orocio*, 645 F.3d 630 (3d Cir. 2011). The Supreme Court has granted certiorari to decide the issue. *See Chaidez v. United States*, 2012 U.S. LEXIS 3335 (Apr. 30, 2012).

[2] Under § 2255, a petitioner has one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

oath at his allocution hearing, that he had read, discussed with his attorney, understood, and signed the plea agreement. *See* Tr. of 5/12/09 Plea Proceeding, at 9–10. Second, the court went on to specifically advise petitioner as follows:

> The Court: And also I understand that you are not a citizen; is that correct?
> The Defendant: Yes, Your Honor.
> The Court: So that as a result of this crime, you could be deported or removed from this country. Do you understand that?
> The Defendant: Yes, Your Honor.
> The Court: And I would have no involvement in that. That would be a matter of the immigration authority decision. Do you understand that?
> The Defendant: Yes, Your Honor.

*Id.* at 12–13.[3]

When a defendant is informed, prior to pleading guilty, that he may be deported as a result of his plea, he has not suffered prejudice, even assuming his attorney failed to advise him of the potential immigration consequences. *See Gonzalez v. United States*, 2010 U.S. Dist. LEXIS 92056, at *3–4 (S.D.N.Y. Sept. 3, 2010); *see also Zhang v. United States*, 506 F.3d 162, 164 (2d Cir. 2007) (dismissing defendant's claim that his guilty plea was involuntary because he was unaware of the deportation consequences, where the judge at the plea allocution told the defendant that his conviction could result in deportation). Here, petitioner was informed in clear terms in his plea agreement that his conviction could result in deportation. At his allocution, the court confirmed that he had read, gone over with his attorney, and understood the agreement. Then, the court independently verified that petitioner understood that deportation was a potential consequence of his plea. Petitioner nevertheless pled guilty. Petitioner therefore cannot demonstrate prejudice under *Strickland. See United States v. Gonzalez*, 647 F.3d 41, 56 (2d Cir. 2011) ("Given that solemn

---

[3]Because the record is so clear, the court has not asked petitioner's counsel to file an affidavit regarding his advice about the immigration consequences of petitioner's plea.

3

declarations in open court carry a strong presumption of verity, and given the strong societal interest in the finality of guilty pleas, a defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw his guilty plea.").

Petitioner's application under § 2255 is therefore denied. Because petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). Petitioner's outstanding applications, for an evidentiary hearing and for appointment of counsel, are also denied.

SO ORDERED.

s/NG

**NINA GERSHON**
**United States District Judge**

Dated: May 17, 2012
Brooklyn, New York

cc:
MIZANUR RAHMAN, *Pro Se* Petitioner
J-2011-05703
Essex County Correctional Facility
354 Doremus Avenue
Newark, NJ 07105

Clerk of Court (via ECF)